FILED by AC   D.C.

ELECTRONIC

**JUNE 12, 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

SYDELL SANDLER,
SHERRY ZIMAND,
SCOTT J. COLTUNE,
STACEY COLTUNE,
QUENTIN SANDLER,
GAIL REISS,
ARTHUR ZIMAND,
GARY SANDLER,
ROCHELLE SANDLER,
SHERRY COLTUNE MATERNAL TRUST,
SHERRY COLTUNE PATERNAL TRUST,
SCOTT COLTUNE 86-1 IRREV TRUST,
STACEY J. COLTUNE 1995-1 IRREV TRUST,
STACEY COLTUNE 86-1 IRREV TRUST,
GAIL SANDLER REISS MAT TRUST,
GAIL SANDLER REISS PAT TRUST,
GAIL REISS REV LIVING TRUST,
SYDELL SANDLER C/F SHAWN REISS,
SYDELL SANDLER C/F JAMIE REISS,
SYDELL SANDLER C/F KRISTEN REISS,
GARY SANDLER AND ROCHELLE SANDLER JT-TEN,
ROCHELLE SANDLER IRA,
GARY SANDLER IRA,
GARY SANDLER PATERNAL TRUST,
GARY SANDLER MATERNAL TRUST,
GARY SANDLER C/F DANA SANDLER,
GARY SANDLER C/F AMY SANDLER,

      Petitioners,

vs.

JANNEY MONTGOMERY SCOTT LLC,

      Respondent.

_____/

**06-21502-CV-HUCK/SIMONTON**

CASE NO.

## **NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441(a), Respondent JANNEY MONTGOMERY SCOTT LLC ("Janney" or "Respondent") gives notice of removal of an action filed in the Circuit Court in and for Miami-Dade County, Florida:

1.     This action was commenced in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on May 17, 2006 and was served upon Janney on May 24, 2006.   A copy of the Petition to Confirm Arbitration Award, as well as a copy of the summons and service of process are attached as Exhibit "A".   The documents attached as Exhibit "A" comprise all the process, pleadings and orders served upon Janney in this action.

2.     This Court had, at the time the suit was filed, and now has, original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Petitioners and Respondent, and the amount in controversy in this civil action, exclusive of interest and costs, exceeds the sum of $75,000, as established below. Accordingly, this Court has diversity jurisdiction over this action.   By this Notice of Removal, filed within thirty days of Janney's receipt of a copy of this action, through service or otherwise, Janney invokes the Court's diversity jurisdiction and removes the action to this Court.

## BACKGROUND

3.     On March 11, 2004, Petitioners commenced an arbitration proceeding against Janney in an action entitled *Quentin and Sydell Sandler et al. v. Janney Montgomery Scott LLC*, NASD Dispute Resolution Case Number 04-01758.   A copy of the Statement of Claim is attached as Exhibit "B."

4.     Petitioners were the owners of various investment accounts opened with Janney. They alleged that all of their accounts were handled improperly by Lionel Moses Bourassa, a Financial Consultant with Janney.   They claimed that they suffered damages as a result of the mishandling of their accounts.

2

5.      On May 16, 2006, the NASD arbitration panel in the matter entered an Arbitration Award ("the Award").  The Award is attached as Exhibit "C."  In the Award, the panel awarded Petitioners the sum of $3,267,000 in compensatory damages, in addition to interest at the rate of 5% per annum from May 12, 2006 through the date of payment of the Award in full.

6.      Petitioners filed the instant action in circuit court in Miami-Dade County, seeking to have the Award confirmed.

7.      Pursuant to the Award, Janney has until June 19, 2006 to either pay the Award or file a motion to vacate with a court of competent jurisdiction.

## DIVERSITY OF CITIZENSHIP

8.      This controversy is between citizens of different States, within the meaning of 28 U.S.C. § 1332.

9.      At the time this action was filed and at the time of filing this notice, Janney was and is a limited liability company organized under the laws of Delaware.  The only member of the limited liability company is Independence Square Properties LLC, a Delaware limited liability company with its principal place of business in Horsham, Pennsylvania.  Accordingly, Janney is a citizen of the states of Delaware and Pennsylvania. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."); *Shamrock Holdings of Calif., Inc. v. Arenson*, 2005 WL 400198 *4 (D. Del. Jan. 27, 2005) (same).

10.     According to Petitioners' Statement of Claim, each of the petitioners is a resident of the State of Florida.  None of the petitioners is a resident of the states of Delaware or Pennsylvania.

11.     Accordingly, there is complete diversity of citizenship between Petitioners and Janney.

## AMOUNT IN CONTROVERSY

12.     The amount of the Award Petitioners seek to confirm is $3,267,000, which, on its face, satisfies the minimum amount in controversy.

13.     Moreover, although Petitioners' Statement of Claim did not specify the amount of damages sought by Petitioners, they alleged that the value of their combined portfolios exceeded $10 million in early 2000, and as a result of Bourassa's mismanagement, the total value of the portfolios was less than 25% of that amount at the time they filed their Statement of Claim.

14.     The jurisdictional amount in controversy is satisfied in this case because it exceeds $75,000, exclusive of interest and costs. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir. 1997) (minimum amount in controversy is determined by the amount of the arbitration award); *Reichle v. Morgan Stanley DW, Inc.*, 396 F. Supp.2d 1312, 1313 (M.D. Fla. 2005) ("The Eleventh Circuit . . . looks directly to the amount of the challenged award.").

15.     A reasonable reading of the Statement of Claim therefore establishes that the amount in controversy exceeds $75,000. *Estevez-Gonzales v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (the jurisdictional threshold is met, even when no specification of damages is set forth in the Complaint, where "a reasonable reading of the Plaintiffs' Complaint" discloses that the amount in controversy does, in fact, exceed the jurisdictional threshold.).

## REMOVAL PROCEDURES

16.     This Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446(b).  Janney was served with the Petition to Confirm Arbitration Award on May 24, 2006. Pursuant to Federal Rule of Civil Procedure 81(c), Janney's response to the Petition is due to be filed with this Court on June 19, 2006.

17.     A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of the State of Florida in and for Miami-Dade County, as provided by law.  Written notice of removal is being given to Petitioners.

18.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers or exhibits of every kind served upon the defendants or on file in the state court in this case are attached hereto as Exhibit "D."

WHEREFORE, Respondent respectfully requests that the above action now pending against it in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County be removed to this Court.  Respondent requests that this Court accept jurisdiction of this action, that this action be placed upon the docket of this Court for further proceedings, the same as though this action originally had been instituted in this Court, and that this Court make such other and further orders as are just and equitable.

Charles M. Rosenberg (FBN: 279064)
CARLTON FIELDS, P.A.
Bank of America Tower at International Place
100 S.E. Second Street, Suite 4000
Miami, Florida 33131
Telephone:     (305) 350-0050
Facsimile:     (305) 350-0055
crosenberg@carltonfields.com
*Attorney for Respondent, Janney Montgomery Scott, LLC*

Sam J. Salario, Jr.  (FBN: 083460)
Kenya J. Reddy  (FBN 459933)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, FL  33607
Tel.  (813) 223-7000
Fax.  (813) 229-4133
ssalario@carltonfields.com
kreddy@carltonfields.com
*Of Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and U.S. Mail to Darren C. Blum, BLUM & SILVER, LLP, 12540 West Atlantic Blvd., Coral Springs, Florida 33071 on this 12th day of June, 2006.

Charles M. Rosenberg



EXHIBIT  "A"

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.

SYDELL SANDLER,

SHERRY ZIMAND,

SCOTT J. COLTUNE,

STACEY COLTUNE,

QUENTIN SANDLER,

GAIL REISS,

ARTHUR ZIMAND,

GARY SANDLER,

ROCHELLE SANDLER,

SHERRY COLTUNE MATERNAL TRUST,

SHERRY COLTUNE PATERNAL TRUST,

SCOTT COLTUNE 86-1 IRREV TRUST,

STACEY J. COLTUNE 1995-1 IRREV TRUST,

STACEY COLTUNE 86-1 IRREV TRUST,

GAIL SANDLER REISS MAT TRUST,

GAIL SANDLER REISS PAT TRUST,

GAIL REISS REV LIVING TRUST,

SYDELL SANDLER C/F SHAWN REISS,

SYDELL SANDLER C/F JAMIE REISS,

SYDELL SANDLER C/F KRISTEN REISS,

GARY SANDLER AND ROCHELLE SANDLER JT-TEN,

ROCHELLE SANDLER IRA,

GARY SANDLER IRA,

GARY SANDLER PATERNAL TRUST,

GARY SANDLER MATERNAL TRUST,

GARY SANDLER C/F DANA SANDLER,

GARY SANDLER C/F AMY SANDLER,

    PETITIONERS,

vs.

JANNEY MONTGOMERY SCOTT, LLC,

    RESPONDENT.

## PETITION TO CONFIRM ARBITRATION AWARD

    Petitioners, Quentin and Sydell Sandler, et al. ("Petitioners"), by and through their undersigned counsel, hereby petition this Court pursuant to Fla. Stat. §682.12 to confirm an arbitration award based upon the following grounds:

1.  On or about March 11, 2004, Petitioners commenced an arbitration proceeding against Janney Montgomery Scott, LLC in case styled Quentin and Sydell Sandler, et al. v. Janney Montgomery Scott, LLC ("Arbitration") NASD Dispute Case Number 04-01758.

2.  An Arbitration Award was entered on May 16, 2006. A copy of the Award is attached as Exhibit "A". Petitioners were awarded, the sum of $3,267,000.00 in compensatory damages, plus interest at the rate of 5% per annum from May 12, 2006 through the date of payment of the Award in full.

3. Pursuant to Fla. Stat. §682.12, upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award. No such grounds have been raised by Respondent.

WHEREFORE, Petitioners request that this Court enter an Order confirming the Arbitration Award.

Respectfully submitted:

BLUM & SILVER, LLP
12540 West Atlantic Blvd.
Coral Springs, FL 33071
Telephone:    (954) 255-8181
Facsimile:     (954) 255-8175

By: _____          Date: 5/17/06
DARREN C. BLUM
Fla. Bar No. 087173

Attorneys for Petitioners

# Exhibit A

May. 16. 2006 10:59AM    NASD                                          No. 2366    P. 5

| | |
|---|---|
| **Award** | |
| **NASD Dispute Resolution** | |

In the Matter of the Arbitration Between:

<u>Names of the Claimants</u>                    <u>Case Number</u>:      04-01758
Sydell Sandler
Sherry Zimand
Scott J. Coltune
Stacey Coltune
Quentin Sandler
Gail Reiss
Arthur Zimand
Gary Sandler
Rochelle Sandler
Sherry Coltune Maternal Trust
Sherry Coltune Paternal Trust
Scott Coltune 86-1 Irrevocable Trust
Stacey J. Coltune 1995-1 Irrevocable Trust
Stacey J. Coltune 86-1 Irrevocable Trust
Gail Sandler Reiss Mat Trust
Gail Sandler Reiss Pat Trust
Gail Reiss Revocable Living Trust
Sydell Sandler C/F Shawn Reiss
Sydell Sandler C/F Jamie Reiss
Sydell Sandler C/F Kristen Reiss
Gary Sandler & Rochelle Sandler, JTTEN
Rochelle Sandler, IRA
Gary Sandler, IRA
Gary Sandler Paternal Trust
Gary Sandler Maternal Trust
Gary Sandler C/F Dana Sandler
Gary Sandler C/F Amy Sandler

<u>Name of the Respondent</u>                   <u>Hearing Site</u>: Boca Raton, Florida

Janney Montgomery Scott, LLC

Nature of the Dispute:  Customer vs. Member.

## <u>REPRESENTATION OF PARTIES</u>

For Sydell Sandler ("SS"), Sherry Zimand ("SZ"), Scott J. Coltune ("SJC"), Stacey
Coltune ("SC"), Quentin Sandler ("QS"), Gail Reiss ("GR"), Arthur Zimand ("AZ"), Gary
Sandler ("GS"), Rochelle Sandler ("RS"), Sherry Coltune Maternal Trust ("SCMT"),
Sherry Coltune Paternal Trust ("SCPT"), Scott Coltune 86-1 Irrevocable Trust ("SC 86-
1"), Stacey J. Coltune 1995-1 Irrevocable Trust ("SJC 1995"), Stacey J. Coltune 86-1

May. 16. 2006 11:00AM    NASD                                    No. 2366    P. 6

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 2

Irrevocable Trust ("SJC 86-1"), Gail Sandler Reiss Mat Trust ("GSRMT"), Gail Sandler Reiss Pat Trust ("GSRPT"),Gail Reiss Revocable Living Trust ("GRRLT"), Sydell Sandler C/F Shawn Reiss ("SSSR"), Sydell Sandler C/F Jamie Reiss ("SSJR"), Sydell Sandler C/F Kristen Reiss ("SSKR"), Gary Sandler & Rochelle Sandler, JTTEN ("GS&RS"), Rochelle Sandler, IRA ("RSI"), Gary Sandler, IRA ("GSI"), Gary Sandler Paternal Trust ("GSPT"), Gary Sandler Maternal Trust ("GSMT"),Gary Sandler C/F Dana Sandler ("GSDS") and Gary Sandler C/F Amy Sandler ("GSAS"), hereinafter collectively referred to as "Claimants" or the "Sandler Family": Darren C. Blum, Esq., Blum & Silver, LLP, Coral Springs, Florida.

For Janney Montgomery Scott, LLC, hereinafter referred to as "Respondent": Paula D. Shaffner, Esq. and John Bisordi, Esq., Saul Ewing, LLP, Philadelphia, Pennsylvania.

## CASE INFORMATION

Statement of Claim filed on or about:  March 11, 2004.
Claimants SS. SSSR, SSJR, SSKR and QS signed the Uniform Submission Agreements:  February 15, 2004.
Claimants GR, GSRMT, GSRPT and GRRLT signed the Uniform Submission Agreements:  February 16, 2004.
Claimants SZ, SCMT, SCPT and AZ signed the Uniform Submission Agreements:  February 18, 2004.
Claimants GS & RS, RSI, GSI, GSPT, GSMT, GSDS. GSAS, GS and RS signed the Uniform Submission Agreements: February 23, 2004.
Claimants SJC 1995, SJC 86-1 and SC signed the Uniform Submission Agreements:  March 3, 2004.
Claimants SC 86-1 and SJC signed the Uniform Submission Agreements:  March 7, 2004.
Statement of Answer filed by Respondent on or about: June 7, 2004.
Respondent signed the Uniform Submission Agreement: June 14, 2004.
Motion for Monetary Sanctions Against Claimants and Their Counsel filed by Respondent on or about: December 6, 2005.
Motion for Sanctions Against Respondent and its Counsel filed by Claimants on or about December 7, 2005.

## CASE SUMMARY

Claimants asserted the following causes of action:  respondeat superior and vicarious liability; violation of industry rules, including but not limited to NYSE's "Know your customer" standard (Rule 405) and NASD's customer suitability standard (Rule 2310); breach of fiduciary duty; and, common law fraud. The causes of action relate to Claimants' investments in various common stock and bonds, including but not limited to. the following: Cree Inc., SI Corp., FirstPlus; Presstek; Genus Inc; Zoltech; Terayon Communication; WorldCom; 3Com; Priceline.com; High Yield Plus Fund; and, Putnam Managed High Yield Trust.

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 3

Unless specifically admitted in its Answer, Respondent denied the allegations in the Statement of Claim and asserted various defenses.

## RELIEF REQUESTED

Claimants requested an unspecified amount of compensatory damages, plus interest at the legal rate from the date of purchase or reasonable market return, rescission, punitive damages, costs and for such other relief as is just and proper.

Respondent requested that the Statement of Claim be dismissed in its entirety and that costs of this proceeding, including attorneys' fees, be assessed against Claimants. Additionally, as asserted in its Motion for Sanctions, Respondent requested that the Panel award monetary sanctions in the form of reasonable attorneys' fees and punitive damages in an amount the Panel decides is appropriate for Claimants and their counsel's alleged misconduct.

## OTHER ISSUES CONSIDERED AND DECIDED

On or about November 15, 2005, Claimants filed with NASD a notice dismissing, with prejudice, the claims relating to the following accounts:

7264-1389 Sydell Sandler; 7263-9262 Quentin Sandler; 7264-1387 Sydell Sandler and Quentin Sandler JTTEN; 7264-1362 Sydell Sandler and Gail Reiss Jt Ten; 7263-9306 Quentin H. Sandler 1995-2 Fam Irrev Tr ; 7263-9439 Rochelle Sandler IRA; 7263-4762 Gary Sandler IRA; 7264-1150 Steven Sandler Roth IRA; 7264-1237 Steven Sandler; 7263-9528 Rochelle Sandler C/F Steven Sandler; 7263-4767 Gary Sandler C/F Steven Sandler; 7263- 9483 Rochelle Sandler C/F Amy Sandler; 7263-9394 Rochelle Sandler C/F Matthew Sandler; 6921-4431 Gail Reiss; 6921-4469 Gail Reiss C/F Jamie Reiss; 6921-4450 Gail Reiss C/F Shawn Reiss; 6921-4459 Gail Reiss C/F Kristen Reiss; 7878-0049 Stacey Coltune 86-1 Irrev Tru; 2306-2262 Scott J. Coltune 86-1 Irrev Tr; 8953-1851 Sherry Zimand; and, 8953-1623 Arthur Zimand.

Respondent filed a Motion for Sanctions in which it asserted that Claimants' counsel intentionally and deliberately took steps to interfere with a pending motion and influence the outcome of the motion. The Panel denied Respondent's Motion for Sanctions.

Claimants filed a Motion for Sanctions in which it asserted that Respondent was in violation of the Panel's order of December 10, 2004, which directed Respondent to produce various documents. The Panel denied Claimant's Motion for Sanctions.

At the closing of the evidentiary hearing on December 9, 2005, the parties jointly requested a postponement of the evidentiary hearings scheduled for January 9-13, 2006. The Panel granted the parties' request.

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 4

Claimant Sydell Sandler did not appear for the final week of the evidentiary hearings because she was hospitalized and allegedly incoherent with a guarded prognosis. Pursuant to this, the Respondent requested a postponement, which was denied by the Panel.

The parties have agreed that the Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

Respondent is found liable for failure to supervise, inappropriate concentration of investments, breach of contract and breach of fiduciary duty and shall pay to Claimants (the "Sandler Family") compensatory damages in the amount of $3,267,000.00, plus interest at the rate of 5% per annum from May 12. 2006 until the date of payment of the award.

Respondent is found liable and shall reimburse Claimants the claim filing fee previously paid by Claimants to NASD Dispute Resolution in the amount of $250.00.

Any and all claims for relief not specifically addressed herein, including the parties' requests for punitive damages and Respondent's request for attorneys' fees, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

Initial claim filing fee                                            = $  250.00

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person at the time of the events giving rise to the dispute.  In this matter, the member firm Janney Montgomery Scott, LLC is a party.

| | |
|---|---|
| Member surcharge | = $1,500.00 |
| Pre-hearing process fee | = $  750.00 |
| Hearing process fee | = $2,200.00 |

May 16, 2006 11:00AM   NASD                                      No. 2560   P. 9

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 5

---

## Adjournment Fees

Adjournments granted during these proceedings for which fees were assessed:

| | |
|---|---|
| December 5-6, 2005, adjournment requested by Respondent | =$1,000.00 |
| January 9-13, 2006, joint adjournment request | =$1,000.00 |

The Panel assessed $500.00 of the adjournment fees jointly and severally to Claimants.
The Panel assessed $500.00 of the adjournment fees to Respondent.
The Panel waived $1,000.00 of the adjournment fees.

## Three-Day Cancellation Fees

Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

December 5 – 6, 2005 postponement requested on December 2, 2005     =$   200.00

The Panel assessed $100.00 of the three-day cancellation fees jointly and severally to Claimants.
The Panel assessed $100.00 of the three-day cancellation fees to Respondent.

## Injunctive Relief Fees

Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court.  Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction.  These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the Panel.

No injunctive relief fees were incurred in this matter.

## Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted or each decision rendered on a discovery-related motion on the papers.  A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less.  Fees associated with these proceedings are:

One (1) Decision on a discovery-related motion on the papers
with a single arbitrator @ $200.00                                          = $   200.00

One (1) Pre-hearing session with a single arbitrator @ $450.00/session      = $   450.00
Pre-hearing conference:    June 2, 2005              1 session

One (1) Pre-hearing session with the Panel @ $1,000.00/session             = $ 1,000.00
Pre-hearing conference:    November 22, 2004         1 session

May 16, 2006 11:00AM    NASD                                           No. 2155

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 6

| Eighteen (18) Hearing sessions @ $1,000.00/session | | | =$ 18,000.00 |
|---|---|---|---|
| Hearing Dates: | December 7, 2005 | 2 sessions | |
| | December 8, 2005 | 2 sessions | |
| | December 9, 2005 | 2 sessions | |
| | May 1, 2006 | 2 sessions | |
| | May 2, 2006 | 2 sessions | |
| | May 8, 2006 | 2 sessions | |
| | May 9, 2006 | 2 sessions | |
| | May 10, 2006 | 2 sessions | |
| | May 11, 2006 | 2 sessions | |
| Total Forum Fees | | | =$ 19,650.00 |

The Panel has assessed the total forum fees amount of $19,650.00 to Respondent.

<u>Administrative Costs</u>
Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but are not limited to: additional copies of arbitrator awards; copies of audio transcripts: retrieval of documents from archives; interpreters; and, security.

No administrative costs were incurred in this matter.

<u>Fee Summary</u>

Claimants are jointly and severally liable for:
| | |
|---|---|
| Initial Filing Fee | = $ 250.00 |
| Adjournment Fee | = $ 500.00 |
| Three-day Cancellation Fee | = $ 100.00 |
| Total Fees | = $ 850.00 |
| Less payments | = $ 850.00 |
| Balance Due NASD Dispute Resolution | = $ 0.00 |

Respondent Janney Montgomery Scott, LLC is solely liable for:
| | |
|---|---|
| Member Fees | = $ 4,450.00 |
| Adjournment Fee | = $ 500.00 |
| Three-day Cancellation Fee | = $ 100.00 |
| Forum Fees | = $ 19,650.00 |
| Total Fees | = $ 24,700.00 |
| Less payments | = $ 4,450.00 |
| Balance Due NASD Dispute Resolution | = $ 20,250.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex.              -    Public Arbitrator, Presiding Chairperson
William Wolfe               -    Public Arbitrator
Bernard Hornick             -    Non-Public Arbitrator

### Concurring Arbitrators' Signatures

_____/s/_____          05/15/06_____
Robert J. Saex                 Signature Date
Public Arbitrator, Presiding Chairperson

_____/s/_____          05/15/06_____
William Wolfe                  Signature Date
Public Arbitrator

_____/s/_____          05/15/06_____
Bernard Hornick                Signature Date
Non-Public Arbitrator

_____05/15/06_____
Date of Service  (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex.        -    *Public Arbitrator, Presiding Chairperson*
William Wolfe          -    *Public Arbitrator*
Bernard Hornick        -    *Non-Public Arbitrator*

## Concurring Arbitrators' Signatures

Robert J. Saex
Public Arbitrator, Presiding Chairperson

5/15/06
Signature Date

William Wolfe
Public Arbitrator

Signature Date

Bernard Hornick
Non-Public Arbitrator

Signature Date

Date of Service  (For NASD Dispute Resolution office use only)

May. 16. 2006 11:00AM    NASD                              No. 2366    P. 15

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

| | | |
|---|---|---|
| *Robert J. Saex.* | • | *Public Arbitrator, Presiding Chairperson* |
| *William Wolfe* | - | *Public Arbitrator* |
| *Bernard Hornick* | • | *Non-Public Arbitrator* |

## Concurring Arbitrators' Signatures

_____
Robert J. Saex
Public Arbitrator, Presiding Chairperson

_____
Signature Date

_____
William Wolfe
Public Arbitrator

_____  5-15-06
Signature Date

_____
Bernard Hornick
Non-Public Arbitrator

_____
Signature Date

_____
Date of Service  (For NASD Dispute Resolution office use only)

MAY-15-2006 01:34P FROM:

FROM :                        FAX NO. :                        May. 15 2006 12:44PM  P2

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex.              - Public Arbitrator, Presiding Chairperson
William Wolfe               - Public Arbitrator
Bernard Hornick            - Non-Public Arbitrator

### Concurring Arbitrators' Signatures

_____                    _____
Robert J. Saex                               Signature Date
Public Arbitrator, Presiding Chairperson

_____                    _____
William Wolfe                                Signature Date
Public Arbitrator

_____                    5/15/06
Bernard Hornick                              _____
Non-Public Arbitrator                        Signature Date

_____
Date of Service  (For NASD Dispute Resolution office use only)

Division of Corporations - General Information - Entity Details                    Page 1 of 2

Frequently Asked Questions   View Search Results   Summary of Charges   Logout

## Entity Details

| | | | |
|---|---|---|---|
| File Number: | **0790590** | Incorporation Date / Formation Date: | **04/10/1973** (mm/dd/yyyy) |
| Entity Name: | **INDEPENDENCE SQUARE PROPERTIES LLC** | | |
| Entity Kind: | **LIMITED LIABILITY COMPANY (LLC)** | Entity Type: | **GENERAL** |
| Residency: | **DOMESTIC** | State: | **DE** |
| Status: | **GOOD STANDING** | | |

**TAX INFORMATION**

| | | | |
|---|---|---|---|
| Last Annual Report Filed: | **1998** | | |
| Annual Tax Assessment: | **$ 200.00** | Tax Due: | **$ 0.00** |
| Tax Status: | **CURRENT** | Total Authorized Shares: | **0** |

**REGISTERED AGENT INFORMATION**

| | | | |
|---|---|---|---|
| Name: | **THE CORPORATION TRUST COMPANY** | | |
| Address: | **CORPORATION TRUST CENTER 1209 ORANGE STREET** | | |
| City: | **WILMINGTON** | County: | **NEW CASTLE** |
| State: | **DE** | Postal Code: | **19801** |
| Phone: | **(302)658-7581** | | |

**FILING HISTORY (Last 5 Filings)**

| Seq | Document Code | Description | No. of pages | Filing Date (mm/dd/yyyy) | Filing Time | Effective Date (mm/dd/yyyy) |
|---|---|---|---|---|---|---|
| 1 | 0265 | Conv & form (Non Corp) | 2 | 08/27/1999 | 13:30 | 08/27/1999 |
| | **Former Name:** | INDEPENDENCE SQUARE PROPERTIES, INC. | | | | |
| 2 | 0134 | Change of Agent Address | 0 | 07/27/1984 | 16:30 | 07/27/1984 |
| 3 | 0?505 | Merger; Survivor | 8 | 04/03/1974 | 10:00 | 04/03/1974 |
| 4 | 0240S | Amendment; Stock | 2 | 02/22/1974 | 10:00 | 02/22/1974 |

Division of Corporations - General Information - Entity Details                    Page 2 of 2

| 5 | 0240 | Amendment, Domestic | 2 | 06/28/1973 | 10:00 | 06/28/1973 |
|---|------|---------------------|---|-----------|-------|-----------|
|   | **Former Name:** | PENNLIFE PROPERTIES, INC. | | | | |

Back to Entity Search

To contact a Delaware Online Agent click here.



# EXHIBIT "B"

## BEFORE NASD DISPUTE RESOLUTION

In the Matter of the
Arbitration Between:

CASE NO.

SYDELL SANDLER,

SHERRY ZIMAND,

SCOTT J. COLTUNE,

STACEY COLTUNE,

QUENTIN SANDLER,

GAIL REISS,

ARTHUR ZIMAND,

GARY SANDLER,

ROCHELLE SANDLER,

SHERRY COLTUNE MATERNAL TRUST,

SHERRY COLTUNE PATERNAL TRUST,

SCOTT COLTUNE 86-1 IRREV TRUST,

STACEY J. COLTUNE 1995-1 IRREV TRUST,

STACEY COLTUNE 86-1 IRREV TRUST,

GAIL SANDLER REISS MAT TRUST,

GAIL SANDLER REISS PAT TRUST,

GAIL REISS REV LIVING TRUST,

SYDELL SANDLER C/F SHAWN REISS,

SYDELL SANDLER C/F JAMIE REISS,

SYDELL SANDLER C/F KRISTEN REISS,

GARY SANDLER AND ROCHELLE SANDLER JT-TEN,

ROCHELLE SANDLER IRA,

GARY SANDLER IRA,

GARY SANDLER PATERNAL TRUST,

GARY SANDLER MATERNAL TRUST,

GARY SANDLER C/F DANA SANDLER,

GARY SANDLER C/F AMY SANDLER,

     CLAIMANTS,

vs.

JANNEY MONTGOMERY SCOTT LLC,

     RESPONDENT.

_____/

## STATEMENT OF CLAIM

Pursuant to the Rules of NASD Dispute Resolution, Sydell Sandler, Sherry Zimand, Scott J. Coltune, Stacey Coltune, Quentin Sandler, Gail Reiss, Arthur Zimand, Gary Sandler, Rochelle Sandler, Sherry Coltune Maternal Trust, Sherry Coltune Paternal Trust, Scott Coltune 86-1 Irrev Trust, Stacey J. Coltune 1995-1 Irrev Trust, Stacey Coltune 86-1 Irrev Trust, Gail Sandler Reiss Mat Trust, Gail Sandler Reiss Pat Trust, Gail Reiss Rev Living Trust, Sydell Sandler C/F Shawn Reiss, Sydell Sandler C/F Jamie Reiss, Sydell Sandler C/F Kristen Reiss, Gary Sandler and Rochelle Sandler JT-TEN, Rochelle Sandler IRA, Gary Sandler IRA, Gary Sandler Paternal Trust, Gary Sandler Maternal Trust, Gary Sandler C/F Dana Sandler and Gary Sandler C/F Amy Sandler[1] (at times also referred to as "Claimants") submit this claim against Janney Montgomery Scott LLC **(CRD #463)** (hereinafter referred to as "Janney" or "Respondent"). Janney and its

---

[1] Claimants are the owners and/or have authority to bring this action on behalf of all accounts held with Respondent. Claimants' standing to bring these claims includes, but is not limited to, all individual, joint, retirement, business or trust accounts with Respondent that were opened with new account agreements executed by any or all Claimants named above.

2

employee/agent/financial advisor Lionel Moses Bourassa (hereinafter referred to as "Bourassa" or "the financial advisor") engaged in misconduct as identified herein.

### The Parties

At all times material hereto, Claimants were residents of the State of Florida when they held investment accounts with Janney. Certain purchases and sales of securities were made in those accounts by Respondent and the financial advisor as fiduciaries and agents of Claimants.

Upon information and belief, Janney: (1) is a corporation qualified to do business and is doing business in Florida; (2) is a securities broker/dealer registered with the Securities & Exchange Commission and the Florida Department of Banking and Finance, Division of Securities; and (3) maintains memberships in the New York Stock Exchange, the American Stock Exchange and the NASD.  At all times relevant hereto, Claimants maintained brokerage account(s) with Janney, which is a firm that conducts securities transactions within the State of Florida.

At all times relevant hereto, the financial advisor was a registered NASD member, employed by and under the control of Respondent. As such, Respondent is liable for the conduct of its employees by virtue of the doctrines of *respondeat superior* and vicarious liability.

### Jurisdiction, Situs, and Choice of Law

This case is eligible for submission to this arbitration forum by virtue of the Customer Agreements and Rule 10100 et seq. of the NASD Code of Arbitration Procedure.

The situs is appropriate in Boca Raton, Florida (the Southeast division of the NASD) which is the hearing location nearest to where Claimants resided (a) when certain wrongs perpetrated herein occurred, (b) when certain trading authorizations were given,

(c) when the causes of action accrued, and (d) where some of the relevant witnesses reside.

The proceeding should be governed by the applicable industry rules and regulations (NYSE, NASD, etc.) as interpreted and implemented by Florida statutory and common law, and because of the strong public policy the Florida legislature has expressed in protecting its residents from securities fraud.

## Statement of Facts[2]

Sydell and Quentin Sandler have been married for many years. Sydell and Quentin have three children: Sherry Zimand, Gail Reiss and Gary Sandler. Rochelle Sandler is married to Gary. Sherry Zimand, who is married to Arthur Zimand, has two children from a previous marriage: Scott Coltune and Stacey Schweiger[3].

Claimants have three things in common:

1.  They all reside in Florida.

2.  They are all related through blood or marriage.

3.  They all had their accounts handled improperly by Lionel Moses Bourassa, a financial advisor with Janney Montgomery Scott LLC; and suffered damages as a result of their relationship with Bourassa and Respondent.

Sydell and Quentin met Bourassa many years ago when he worked at First Albany Corporation and opened investment accounts with Bourassa. Their accounts, at

---

[2] Prior to filing this claim, Claimants requested, among other things, copies of all account statements for Claimants' accounts. However, Respondent refused to produce those documents even though the documents requested are all discoverable under NASD Notice to Members 99-90. Therefore, some of the numbers and information that is being presented in this claim may not be exact and are approximated and Claimants reserve the right to amend this Claim if needed once all of the documents and information are obtained and evaluated.

[3] Stacey Schweiger was f/k/a Stacey Coltune. Sherry Zimand's maiden name is also Coltune.

4

first, were unremarkable. They held investments appropriate for persons of the Sandlers' age and financial position.

Over the years, Bourassa became more than a broker to the Sandlers – he was a friend, too. The financial advisor spent time at Claimants' home in both Massachusetts and Florida. He would send cards to Claimants on special occasions and was intimately knowledgeable about Claimants and their families. This relationship cemented the trust Claimants had in Bourassa.

In December 1995, Bourassa left First Albany to work for Janney Montgomery Scott LLC. He asked Sydell to move Claimants' investment accounts with him to his new employer, and Sydell dutifully agreed. At this time, Claimants' total capital under Bourassa's management equaled several million dollars.

Sydell, who is seventy-nine years old, is the matriarch of her family. She wanted to make sure that the profits generated from the family business would pass down to her children and grandchildren. Over the years, Sydell set up various trusts for the benefit of her children and grandchildren. Naturally, she turned to Bourassa for investment advice. Bourassa recommended that Sydell set up trust accounts with Respondent. After all, Bourassa had been the Sandlers' financial advisor and the Sandlers trusted him. Accounts were opened for the benefit of Sherry, Gail, Scott and Stacey, among others. Later, when Sydell's children and grandchildren had more of their own money to invest, Bourassa recommended they open individual and individual retirement accounts (IRA) with Respondent.

Most of the time, when Bourassa was recommending a purchase or sale for any of Claimants' accounts, he would call Sydell for approval. Bourassa knew that Sydell's children and grandchildren would defer to him. Bourassa also knew that Sydell had some investment experience, but relied on him and Respondent. In addition, he knew that

5

Sydell trusted him and Respondent completely to provide her and her family suitable investment advice.

The vast majority of the money Claimants invested represented money saved primarily from the family's business, for the benefit of Claimants' children. It was clear that Claimants were not looking to speculate. Although some of Sydell's children and grandchildren could tolerate risk commensurate with a portfolio designed to provide moderate growth, they never wished to speculate with the money they entrusted to Respondent. In fact, several of the trust accounts were established primarily to generate income for Sydell's children and grandchildren. Moreover, the accounts represented the primary source of income for Stacey and Gail (and her children). And Bourassa knew this.

<u>Unsuitable stocks</u>

After Bourassa joined Janney, he recommended wholly unsuitable stocks to Claimants including, but not limited to:

▼ Cree Inc.,

▼ S1 Corp.;

▼ FirstPlus;

▼ Presstek;

▼ Genus Inc.;

▼ Zoltech;

▼ Terayon Communications;

and others.

Bourassa became obsessed with these stocks. He recommended these, and similar risky and aggressive stocks to Claimants, without regard for their stated investment objectives or risk tolerance.

6

In the case of Bourassa's recommendation to Claimants to buy Cree Inc. stock, Bourassa told Claimants that he had "intimate knowledge" of the company and had actually visited the company's headquarters several times. When the price of Cree stock fell, Bourassa called Claimants and recommended they buy more as these were "buying opportunities as the market didn't understand the company as well as he did." When the price of Cree stock went up, he recommended Claimants purchase more stock as his firm projected higher prices for the stock in the near future.

Bourassa told Claimants that he, himself owned Cree stock, as did his family, friends and other clients. Bourassa hardly missed an opportunity to espouse the golden opportunity that, in his mind, Cree represented for Claimants.

Cree wasn't the only stock Bourassa touted endlessly to Claimants. But, it was clearly representative of the unsuitable trading strategy Bourassa recommended Claimants follow.

Cree stock, which was over $200.00 per share in March 2000, plunged to $12.21 per share a little more than a year later. Claimants held the stock all the way down based on Bourassa's recommendations, reassurances and promises. Claimants experienced similar losses with other stocks recommended by Bourassa. Moreover, other clients of Bourassa and Respondent suffered similar losses in identical stocks, including Cree.

In just one account, Bourassa recommended Sydell purchase approximately $373,500.00 of Cree stock in February 2000. When Claimants closed their accounts with Respondent in September 2002, the Cree stock was sold for approximately $32,960.00 - a loss of over 90% of this one investment!

Bourassa recommended that Claimants purchase Terayon Communications. In just one account, stock that cost Claimants $55,000.00 was sold for just $562.00 when Claimants closed their account with Respondent - a loss of almost 99%!

7

Claimants lost in excess of 90% on other investments including, but not limited to Worldcom, 3Com, Priceline.com, and others.

Bourassa called Claimants to buy these unsuitable stocks, but never recommended selling them, even though these stocks caused Claimants to suffer catastrophic losses.

Unsuitable junk bonds

Stacey Schweiger is Sherry's daughter and Sydell's granddaughter. In or about 1995, Sherry set up several trust accounts for Stacey's benefit. Sherry told Bourassa that these trust accounts were to be set up to provide Stacey a steady and secure source of income for many years to come. Sherry told Bourassa that Stacey would be dependent on these accounts, as they represented the primary source of her income. There was no ambiguity in what Sherry told Bourassa. In fact, as Bourassa knew Stacey personally, Bourassa knew exactly what Stacey needed: income and preservation of capital.

Moreover, the trust document itself specified that the money in the trust be invested in such a manner to provide a fixed return for Stacey for the rest of her life. Although the trust document was provided to Respondent when the account was opened, Respondent ignored the requirements for income and safety set out in the trust document.

Bourassa recommended that Sherry invest the majority of the accounts in various "junk-bond" funds including, but not limited to:

> High Yield Plus Fund;

> Putnam Managed High Yield Trust;

and others.

Bourassa similarly recommended that Claimants purchase these funds in other accounts. Bourassa never told Sydell that these funds invested in non-investment grade bonds or "junk-bonds." Bourassa never told Claimants that there was a chance she would

8

lose the principal she invested. Moreover, the costs and fees of these mutual funds were not fully disclosed, including the effect of the Class B shares vs. other classes.

<u>Failure to diversify, hedge or protect Claimants' assets</u>

Bourassa seldom spoke to Claimants as a group. When, as a family, Claimants got together, they would discuss matters of importance, including their investments. Interestingly, when Claimants recounted recent conversations they had with Bourassa, there was an eerie similarity in what Bourassa told each of them. Although Claimants represented three generations, Bourassa recommended that each Claimant follow almost the identical investment strategy. Bourassa encouraged each Claimant to purchase untested, unproven and risky technology stocks to the exclusion of investments appropriate for trust and retirement accounts, such as those held by Claimants with Respondent.

As the value of Claimants' portfolios fell, Claimants talked to Bourassa to express their concerns over the losses in their accounts. When Bourassa spoke to them, he would tell them that the market was in a "temporary downturn" and it would be foolish to sell. He would tell them not to worry as Respondent's research department was very high on the market in general and individual stocks like Cree. Bourassa would tell Claimants that Respondent's research department projected higher prices in the very near future. Interestingly, Bourassa would tell Claimants individually that other family members had agreed it was best to hold and not sell, in order to persuade each Claimant to remain fully invested. What Bourassa did not recommend to Claimants was an appropriate exit strategy or hedge to protect the assets he managed for Sydell and her family.

<u>Breach of Fiduciary Duty</u>

Sydell relied on and trusted Bourassa and Respondent to provide professional investment advice to her and her family. After all, Claimants had invested many millions

9

of dollars with Respondent. Respondent and Bourassa made tens of thousands of dollars of commissions and other fees off Claimants' accounts.

Over the years, Sydell and Sherry would discuss with Bourassa stocks that they heard about in the news, among other places. Bourassa told them it was appropriate to buy stocks like Dell Computer, Cisco Systems, Yahoo Inc., and others. Bourassa never sat down with Claimants to show them that the family's investment accounts had become over concentrated in unsuitable stocks. Bourassa never advised Claimants that their portfolios had become extremely risky. Bourassa let Sydell and Sherry buy whatever stock about which they happened to ask Bourassa, without regard to how these purchases affected the suitability of Claimants' portfolios or Claimants' financial and investment "picture." In short, the advice Bourassa gave Claimants was to either make an investment purchase or to hold that investment and rarely to sell. That Bourassa and Respondent would assume the responsibility for an investment portfolio that represented over 90% of Claimants' liquid net worth, without providing suitable investment advice or strategy was clearly a breach of the fiduciary duty owed by Respondent to Claimants.

The value of Claimants' portfolios peaked in early 2000 in excess of $10.0 million. As a direct and proximate result of Respondent's investment recommendations; absence of a proper and suitable financial and investment strategy, including an exit strategy to protect Claimants' money; and other misconduct; Claimants' total portfolio is worth less than 25% of this amount today.

Claimants do not believe that Respondent could have predicted the very top of the market and should have advised them to sell at that time. However, had Respondent provided suitable investment advice and invested Claimants' savings prudently and appropriately, Claimants would still have the majority of the money they lost with Respondent since that time.

10

To this day, Claimants have not been able to recover from the losses they suffered as a result of both Respondent's unsuitable recommendations to buy and hold and Respondent's failure to recommend any hedge or exit strategy in order to protect Claimants' savings. As a direct and proximate result of Respondent's misconduct, Claimants have suffered losses to be specified after Respondent produces Claimants' account statements, which are discoverable under NASD arbitration rules.

**Conclusion**

Respondent and the financial advisor clearly over concentrated Claimants' portfolio in speculative technology stocks, "junk-bond" funds and other unsuitable investments. Respondent and the financial advisor also failed to properly advise Claimants of the risks of the trading and encouraged and recommended a speculative trading strategy. Respondent and the financial advisor failed to implement exit strategies or stop orders in order to minimize losses. Additionally, Respondent and the financial advisor failed to diversify Claimants' portfolio and Janney was negligent in their supervision, retention and hiring of the financial advisor. Due to Respondent's misconduct, Claimants have suffered unspecified damages.

**Violations of Law**

Respondent has violated industry rules, including but not limited to the NYSE's "Know your customer" standard (Rule 405) and the NASD's customer suitability standard (Rule 2310). Respondent breached the contract that was entered into between Claimants and Respondent. Respondent and the financial advisor also breached the fiduciary duty that a securities firm and its employees/agents owe to their clients. Respondent's misconduct constitutes common law fraud. Moreover, the account(s) at issue were handled negligently and Janney was negligent in their hiring, retention and supervision of their employees.

## DAMAGES REQUESTED

For the misconduct identified herein and which the evidence and testimony will support at the Final Hearings, Claimants demand an award against Janney for:

(A) compensatory damages;

(B) interest at the legal rate from the date of purchase or reasonable market return;

(C) rescission;

(D) punitive damages;

(E) the costs of this proceeding; and for such other relief as is just and proper.

Respectfully submitted by:

BLUM, SILVER & SCHWARTZ, LLP
Attorneys for Claimants
8751 W. Broward Blvd.
Suite 404
Plantation, Florida 33324
Telephone: (954) 423-6000
Facsimile: (954) 423-2060

By _____      Date: 3/11/04
DARREN C. BLUM
Fla. Bar No. 087173

12



# EXHIBIT "C"

Received 05/24/2006 02:32PM in 02:44 on line [7] for 1041 * Pg 7/16
05/24/2006  14:37   9542558175                DARREN BLUM                     PAGE  07/16

## Award
## NASD Dispute Resolution

In the Matter of the Arbitration Between:

### Names of the Claimants
Sydell Sandler
Sherry Zimand
Scott J. Coltune
Stacey Coltune
Quentin Sandler
Gail Reiss
Arthur Zimand
Gary Sandler
Rochelle Sandler
Sherry Coltune Maternal Trust
Sherry Coltune Paternal Trust
Scott Coltune 86-1 Irrevocable Trust
Stacey J. Coltune 1995-1 Irrevocable Trust
Stacey J. Coltune 86-1 Irrevocable Trust
Gail Sandler Reiss Mat Trust
Gail Sandler Reiss Pat Trust
Gail Reiss Revocable Living Trust
Sydell Sandler C/F Shawn Reiss
Sydell Sandler C/F Jamie Reiss
Sydell Sandler C/F Kristen Reiss
Gary Sandler & Rochelle Sandler, JTTEN
Rochelle Sandler, IRA
Gary Sandler, IRA
Gary Sandler Paternal Trust
Gary Sandler Maternal Trust
Gary Sandler C/F Dana Sandler
Gary Sandler C/F Amy Sandler

### Case Number:          04-01758

### Name of the Respondent

Janney Montgomery Scott, LLC

**Hearing Site:** Boca Raton, Florida

Nature of the Dispute:  Customer vs. Member.

### REPRESENTATION OF PARTIES

For Sydell Sandler ("SS"), Sherry Zimand ("SZ"), Scott J. Coltune ("SJC"), Stacey Coltune ("SC"), Quentin Sandler ("QS"), Gail Reiss ("GR"), Arthur Zimand ("AZ"), Gary Sandler ("GS"), Rochelle Sandler ("RS"), Sherry Coltune Maternal Trust ("SCMT"), Sherry Coltune Paternal Trust ("SCPT"), Scott Coltune 86-1 Irrevocable Trust ("SC 86-1"), Stacey J. Coltune 1995-1 Irrevocable Trust ("SJC 1995"), Stacey J. Coltune 86-1

Received 05/24/2006 02:32PM in 02:44 on line [7] for 1041 * Pg 8/16
05/24/2006   14:37      9542558175              DARREN BLUM                    PAGE   08/16

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 2

Irrevocable Trust ("SJC 86-1"), Gail Sandler Reiss Mat Trust ("GSRMT"), Gail Sandler Reiss Pat Trust ("GSRPT"), Gail Reiss Revocable Living Trust ("GRRLT"), Sydell Sandler C/F Shawn Reiss ("SSSR"), Sydell Sandler C/F Jamie Reiss ("SSJR"), Sydell Sandler C/F Kristen Reiss ("SSKR"), Gary Sandler & Rochelle Sandler, JTTEN ("GS&RS"), Rochelle Sandler, IRA ("RSI"), Gary Sandler, IRA ("GSI"), Gary Sandler Paternal Trust ("GSPT"), Gary Sandler Maternal Trust ("GSMT"),Gary Sandler C/F Dana Sandler ("GSDS") and Gary Sandler C/F Amy Sandler ("GSAS"), hereinafter collectively referred to as "Claimants" or the "Sandler Family": Darren C. Blum, Esq., Blum & Silver, LLP, Coral Springs, Florida.

For Janney Montgomery Scott, LLC, hereinafter referred to as "Respondent": Paula D. Shaffner, Esq. and John Bisordi, Esq., Saul Ewing, LLP, Philadelphia, Pennsylvania.

## CASE INFORMATION

Statement of Claim filed on or about: March 11, 2004.
Claimants SS, SSSR, SSJR, SSKR and QS signed the Uniform Submission Agreements: February 15, 2004.
Claimants GR, GSRMT, GSRPT and GRRLT signed the Uniform Submission Agreements: February 16, 2004.
Claimants SZ, SCMT, SCPT and AZ signed the Uniform Submission Agreements: February 18, 2004.
Claimants GS & RS, RSI, GSI, GSPT, GSMT, GSDS, GSAS, GS and RS signed the Uniform Submission Agreements: February 23, 2004.
Claimants SJC 1995, SJC 86-1 and SC signed the Uniform Submission Agreements: March 3, 2004.
Claimants SC 86-1 and SJC signed the Uniform Submission Agreements: March 7, 2004.
Statement of Answer filed by Respondent on or about: June 7, 2004.
Respondent signed the Uniform Submission Agreement: June 14, 2004.
Motion for Monetary Sanctions Against Claimants and Their Counsel filed by Respondent on or about: December 6, 2005.
Motion for Sanctions Against Respondent and its Counsel filed by Claimants on or about December 7, 2005.

## CASE SUMMARY

Claimants asserted the following causes of action: respondeat superior and vicarious liability; violation of industry rules, including but not limited to NYSE's "Know your customer" standard (Rule 405) and NASD's customer suitability standard (Rule 2310); breach of fiduciary duty; and, common law fraud. The causes of action relate to Claimants' investments in various common stock and bonds, including but not limited to, the following: Cree Inc.; SI Corp.; FirstPlus; Presstek; Genus Inc; Zoltech; Terayon Communication; WorldCom; 3Com; Priceline.com; High Yield Plus Fund; and, Putnam Managed High Yield Trust.

Received 05/24/2006 02:32PM in 02:44 on line [7] for 1041 * Pg 9/16
05/24/2006  14:37   9542558175                    DARREN BLUM                               PAGE  09/16

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 3

Unless specifically admitted in its Answer, Respondent denied the allegations in the
Statement of Claim and asserted various defenses.

## RELIEF REQUESTED

Claimants requested an unspecified amount of compensatory damages, plus interest at
the legal rate from the date of purchase or reasonable market return, rescission,
punitive damages, costs and for such other relief as is just and proper.

Respondent requested that the Statement of Claim be dismissed in its entirety and that
costs of this proceeding, including attorneys' fees, be assessed against Claimants.
Additionally, as asserted in its Motion for Sanctions, Respondent requested that the
Panel award monetary sanctions in the form of reasonable attorneys' fees and punitive
damages in an amount the Panel decides is appropriate for Claimants and their
counsel's alleged misconduct.

## OTHER ISSUES CONSIDERED AND DECIDED

On or about November 15, 2005, Claimants filed with NASD a notice dismissing, with
prejudice, the claims relating to the following accounts:

7264-1389 Sydell Sandler; 7263-9262 Quentin Sandler; 7264-1387 Sydell Sandler and
Quentin Sandler JTTEN; 7264-1362 Sydell Sandler and Gail Reiss Jt Ten; 7263-9306
Quentin H. Sandler 1995-2 Fam Irrev Tr ; 7263-9439 Rochelle Sandler IRA; 7264-4762
Gary Sandler IRA; 7264-1150 Steven Sandler Roth IRA; 7264-1237 Steven Sandler;
7263-9528 Rochelle Sandler C/F Steven Sandler; 7263-4767 Gary Sandler C/F Steven
Sandler; 7263- 9483 Rochelle Sandler C/F Amy Sandler; 7283-9394 Rochelle Sandler
C/F Matthew Sandler; 6921-4431 Gail Reiss; 6921-4469 Gail Reiss C/F Jamie Reiss;
6921-4450 Gail Reiss C/F Shawn Reiss; 6921-4459 Gail Reiss C/F Kristen Reiss; 7878-
0049 Stacey Coltune 86-1 Irrev Tru; 2306-2262 Scott J. Coltune 86-1 Irrev Tr; 8953-
1851 Sherry Zimand; and, 8953-1623 Arthur Zimand.

Respondent filed a Motion for Sanctions in which it asserted that Claimants' counsel
intentionally and deliberately took steps to interfere with a pending motion and influence
the outcome of the motion. The Panel denied Respondent's Motion for Sanctions.

Claimants filed a Motion for Sanctions in which it asserted that Respondent was in
violation of the Panel's order of December 10, 2004, which directed Respondent to
produce various documents. The Panel denied Claimant's Motion for Sanctions.

At the closing of the evidentiary hearing on December 9, 2005, the parties jointly
requested a postponement of the evidentiary hearings scheduled for January 9-13,
2006. The Panel granted the parties' request.

Received 05/24/2006 02:32PM in 02:44 on line [7] for 1041 * Pg 10/16
05/24/2006  14:37   9542558175          DARREN BLUM                    PAGE  10/16

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 4

Claimant Sydell Sandler did not appear for the final week of the evidentiary hearings because she was hospitalized and allegedly incoherent with a guarded prognosis. Pursuant to this, the Respondent requested a postponement, which was denied by the Panel.

The parties have agreed that the Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

Respondent is found liable for failure to supervise, inappropriate concentration of investments, breach of contract and breach of fiduciary duty and shall pay to Claimants (the "Sandler Family") compensatory damages in the amount of $3,267,000.00, plus interest at the rate of 5% per annum from May 12, 2006 until the date of payment of the award.

Respondent is found liable and shall reimburse Claimants the claim filing fee previously paid by Claimants to NASD Dispute Resolution in the amount of $250.00.

Any and all claims for relief not specifically addressed herein, including the parties' requests for punitive damages and Respondent's request for attorneys' fees, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

**Filing Fees**
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

Initial claim filing fee                                   = $  250.00

**Member Fees**
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person at the time of the events giving rise to the dispute.  In this matter, the member firm Janney Montgomery Scott, LLC is a party.

Member surcharge                                          = $1,500.00
Pre-hearing process fee                                   = $  750.00
Hearing process fee                                       = $2,200.00

Received 05/24/2006 02:32PM in 02:44 on line [7] for 1041 * Pg 11/16
05/24/2006   14:37   9542558175                    DARREN BLUM                    PAGE   11/16

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 5

_____

### Adjournment Fees

Adjournments granted during these proceedings for which fees were assessed:

December 5-6, 2005, adjournment requested by Respondent       =$1,000.00
January 9-13, 2006, joint adjournment request                =$1,000.00

The Panel assessed $500.00 of the adjournment fees jointly and severally to Claimants.
The Panel assessed $500.00 of the adjournment fees to Respondent.
The Panel waived $1,000.00 of the adjournment fees.

### Three-Day Cancellation Fees

Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

December 5 – 6, 2005 postponement requested on December 2, 2005     =$   200.00

The Panel assessed $100.00 of the three-day cancellation fees jointly and severally to Claimants.
The Panel assessed $100.00 of the three-day cancellation fees to Respondent.

### Injunctive Relief Fees

Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court. Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the Panel.

No injunctive relief fees were incurred in this matter.

### Forum Fees and Assessments

The Panel has assessed forum fees for each session conducted or each decision rendered on a discovery-related motion on the papers. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) Decision on a discovery-related motion on the papers
with a single arbitrator @ $200.00                                = $   200.00

One (1) Pre-hearing session with a single arbitrator @ $450.00/session    = $   450.00
Pre-hearing conference:    June 2, 2005          1 session

One (1) Pre-hearing session with the Panel @ $1,000.00/session     = $ 1,000.00
Pre-hearing conference:    November 22, 2004          1 session

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 6

| | | | |
|---|---|---|---|
| Eighteen (18) Hearing sessions @ $1,000.00/session | | | =$ 18,000.00 |
| Hearing Dates: | December 7, 2005 | 2 sessions | |
| | December 8, 2005 | 2 sessions | |
| | December 9, 2005 | 2 sessions | |
| | May 1, 2006 | 2 sessions | |
| | May 2, 2006 | 2 sessions | |
| | May 8, 2006 | 2 sessions | |
| | May 9, 2006 | 2 sessions | |
| | May 10, 2006 | 2 sessions | |
| | May 11, 2006 | 2 sessions | |

Total Forum Fees                                                         =$ 19,650.00

The Panel has assessed the total forum fees amount of $19,650.00 to Respondent.

### Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but are not limited to: additional copies of arbitrator awards; copies of audio transcripts; retrieval of documents from archives; interpreters; and, security.

No administrative costs were incurred in this matter.

### Fee Summary

Claimants are jointly and severally liable for:

| | |
|---|---|
| Initial Filing Fee | = $   250.00 |
| Adjournment Fee | = $   500.00 |
| Three-day Cancellation Fee | = $   100.00 |
| Total Fees | = $   850.00 |
| Less payments | = $   850.00 |
| Balance Due NASD Dispute Resolution | = $     0.00 |

Respondent Janney Montgomery Scott, LLC is solely liable for:

| | |
|---|---|
| Member Fees | = $  4,450.00 |
| Adjournment Fee | = $   500.00 |
| Three-day Cancellation Fee | = $   100.00 |
| Forum Fees | = $ 19,650.00 |
| Total Fees | = $ 24,700.00 |
| Less payments | = $  4,450.00 |
| Balance Due NASD Dispute Resolution | = $ 20,250.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex.        -    *Public Arbitrator, Presiding Chairperson*
William Wolfe          -    *Public Arbitrator*
Bernard Hornick        -    *Non-Public Arbitrator*

### Concurring Arbitrators' Signatures

/s/                                                      05/15/06
Robert J. Saex                                           Signature Date
Public Arbitrator, Presiding Chairperson

/s/                                                      05/15/06
William Wolfe                                            Signature Date
Public Arbitrator

/s/                                                      05/15/06
Bernard Hornick                                          Signature Date
Non-Public Arbitrator

05/15/06
Date of Service  (For NASD Dispute Resolution office use only)

Received 05/24/2006 02:32PM in 02:44 on line [7] for 1041 * Pg 14/16
05/24/2006  14:37   9542558175                    DARREN BLUM                          PAGE  14/16

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

### ARBITRATION PANEL

Robert J. Saex,                          •    *Public Arbitrator, Presiding Chairperson*
William Wolfe                            •    *Public Arbitrator*
Bernard Hornick                          •    *Non-Public Arbitrator*

### Concurring Arbitrators' Signatures

_____
Robert J. Saex                                          5/15/06
Public Arbitrator, Presiding Chairperson      _____
                                                                    Signature Date


_____
William Wolfe                                           _____
Public Arbitrator                                       Signature Date


_____
Bernard Hornick                                         _____
Non-Public Arbitrator                                   Signature Date


_____
Date of Service  (For NASD Dispute Resolution office use only)

Received 05/24/2006 02:32PM in 02:44 on line [7] for 1041 * Pg 15/16
05/24/2006   14:37     9542558175              DARREN BLUM                          PAGE   15/16

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex                 • Public Arbitrator, Presiding Chairperson
William Wolfe                  • Public Arbitrator
Bernard Hornlok               • Non-Public Arbitrator

## Concurring Arbitrators' Signatures

_____
Robert J. Saex
Public Arbitrator, Presiding Chairperson               Signature Date

_____                                _____ 5-15-06
William Wolfe                                           Signature Date
Public Arbitrator

_____                                _____
Bernard Hornlok                                        Signature Date
Non-Public Arbitrator

_____
Date of Service (For NASD Dispute Resolution office use only)

MAY-15-2006 01:34P FROM:

Received 05/24/2006 02:32PM in 02:44 on line [7] for 1041 * Pg 16/16
05/24/2006  14:37  9542558175                    DARREN BLUM                    PAGE  16/16
FROM :                          FAX NO. :                  May. 15 2006 12:44PM P2

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex                    -   Public Arbitrator, Presiding Chairperson
William Wolfe                     -   Public Arbitrator
Bernard Hornick                   -   Non-Public Arbitrator

## Concurring Arbitrators' Signatures

_____                    _____
Robert J. Saex                                 Signature Date
Public Arbitrator, Presiding Chairperson

_____                    _____
William Wolfe                                   Signature Date
Public Arbitrator

_____                    5/15/06
Bernard Hornick                                 _____
Non-Public Arbitrator                           Signature Date

_____
Date of Service  (For NASD Dispute Resolution office use only)



# EXHIBIT "D"

GARY SANDLER PATERNAL TRUST,

GARY SANDLER MATERNAL TRUST,

GARY SANDLER C/F DANA SANDLER,

GARY SANDLER C/F AMY SANDLER,

     PETITIONERS,

vs.

JANNEY MONTGOMERY SCOTT, LLC,

     RESPONDENT.
_____/

06 - 9 8 9 5   CA 22

## **CIVIL COVER SHEET**

| <u>Domestic Relations</u> | <u>Torts</u> | <u>Other Civil</u> |
|---|---|---|
| ❑ Simplified dissolution | ❑ Professional Malpractice | ❑ Contracts |
| ❑ Dissolution | ❑ Products liability | ❑ Condominium |
| ❑ Support - IV-D | ❑ Auto negligence | ❑ Real property/Mortgage foreclosure |
| ❑ Support - Non IV-D | ❑ Other negligence | ❑ Eminent domain |
| ❑ URESA - IV-D | | ☒ Other |
| ❑ URESA - Non IV-D | | |
| ❑ Domestic violence | | |
| ❑ Other domestic relations | | |

IS JURY TRIAL DEMANDED IN COMPLAINT?
    ❑ Yes    ☒ No

BLUM & SILVER, LLP
Attorneys for Petitioners
12540 West Atlantic Blvd.
Coral Springs, FL 33071
Telephone:    (954) 255-8181
Facsimile:    (954) 255-8175

By: _____
    DARREN C. BLUM
    Fla. Bar No. 087173

*By: 87173*

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.   0 6 - 9 8 9 5   CA 2 2

SYDELL SANDLER,

SHERRY ZIMAND,

SCOTT J. COLTUNE,

STACEY COLTUNE,

QUENTIN SANDLER,

GAIL REISS,

ARTHUR ZIMAND,

~~GARY~~ SANDLER,

ROCHELLE SANDLER,

SHERRY COLTUNE MATERNAL TRUST,

SHERRY COLTUNE PATERNAL TRUST,

SCOTT COLTUNE 86-1 IRREV TRUST,

STACEY J. COLTUNE 1995-1 IRREV TRUST,

STACEY COLTUNE 86-1 IRREV TRUST,

GAIL SANDLER REISS MAT TRUST,

GAIL SANDLER REISS PAT TRUST,

GAIL REISS REV LIVING TRUST,

SYDELL SANDLER C/F SHAWN REISS,

SYDELL SANDLER C/F JAMIE REISS,

SYDELL SANDLER C/F KRISTEN REISS,

GARY SANDLER AND ROCHELLE SANDLER JT-TEN,

ROCHELLE SANDLER IRA,

GARY SANDLER IRA,

GARY SANDLER PATERNAL TRUST,

GARY SANDLER MATERNAL TRUST,

GARY SANDLER C/F DANA SANDLER,

GARY SANDLER C/F AMY SANDLER,

      PETITIONERS,

vs.

JANNEY MONTGOMERY SCOTT, LLC,

      RESPONDENT.

_____/

## PETITION TO CONFIRM ARBITRATION AWARD

      Petitioners, Quentin and Sydell Sandler, et al. ("Petitioners"), by and through their undersigned counsel, hereby petition this Court pursuant to Fla. Stat. §682.12 to confirm an arbitration award based upon the following grounds:

1. On or about March 11, 2004, Petitioners commenced an arbitration proceeding against Janney Montgomery Scott, LLC in case styled <u>Quentin and Sydell Sandler, et al. v. Janney Montgomery Scott, LLC</u> ("Arbitration"), NASD Dispute Case Number 04-01758.

2. An Arbitration Award was entered on May 16, 2006. A copy of the Award is attached as Exhibit "A". Petitioners were awarded, the sum of $3,267,000.00 in compensatory damages, plus interest at the rate of 5% per annum from May 12, 2006 through the date of payment of the Award in full.

3.  Pursuant to Fla. Stat. §682.12, upon application of a party to the arbitration, the court shall confirm an award, unless within the time limits hereinafter imposed grounds are urged for vacating or modifying or correcting the award.  No such grounds have been raised by Respondent.

WHEREFORE, Petitioners request that this Court enter an Order confirming the Arbitration Award.

Respectfully submitted:

BLUM & SILVER, LLP
12540 West Atlantic Blvd.
Coral Springs, FL 33071
Telephone:    (954) 255-8181
Facsimile:     (954) 255-8175

By:_____          Date: 5/17/06
    DARREN C. BLUM
    Fla. Bar No. 087173

Attorneys for Petitioners

# Exhibit A

**Award**
**NASD Dispute Resolution**

In the Matter of the Arbitration Between:

Names of the Claimants                         Case Number:        04-01758
Sydell Sandler
Sherry Zimand
Scott J. Coltune
Stacey Coltune
Quentin Sandler
Gail Reiss
Arthur Zimand
Gary Sandler
Rochelle Sandler
Sherry Coltune Maternal Trust
Sherry Coltune Paternal Trust
Scott Coltune 86-1 Irrevocable Trust
Stacey J. Coltune 1995-1 Irrevocable Trust
Stacey J. Coltune 86-1 Irrevocable Trust
Gail Sandler Reiss Mat Trust
Gail Sandler Reiss Pat Trust
Gail Reiss Revocable Living Trust
Sydell Sandler C/F Shawn Reiss
Sydell Sandler C/F Jamie Reiss
Sydell Sandler C/F Kristen Reiss
Gary Sandler & Rochelle Sandler, JTTEN
Rochelle Sandler, IRA
Gary Sandler, IRA
Gary Sandler Paternal Trust
Gary Sandler Maternal Trust
Gary Sandler C/F Dana Sandler
Gary Sandler C/F Amy Sandler

Name of the Respondent                      Hearing Site:  Boca Raton, Florida

Janney Montgomery Scott, LLC

Nature of the Dispute:  Customer vs. Member.

## REPRESENTATION OF PARTIES

For Sydell Sandler ("SS"), Sherry Zimand ("SZ"), Scott J. Coltune ("SJC"), Stacey
Coltune ("SC"), Quentin Sandler  ("QS"), Gail Reiss ("GR"), Arthur Zimand ("AZ"), Gary
Sandler ("GS"), Rochelle Sandler ("RS"), Sherry Coltune Maternal Trust ("SCMT"),
Sherry Coltune Paternal Trust  ("SCPT"), Scott Coltune 86-1 Irrevocable Trust ("SC 86-
1"), Stacey J. Coltune 1995-1 Irrevocable Trust ("SJC 1995"), Stacey J. Coltune 86-1

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 2

Irrevocable Trust ("SJC 86-1"), Gail Sandler Reiss Mat Trust ("GSRMT"), Gail Sandler Reiss Pat Trust ("GSRPT"),Gail Reiss Revocable Living Trust ("GRRLT"), Sydell Sandler C/F Shawn Reiss ("SSSR"), Sydell Sandler C/F Jamie Reiss ("SSJR"), Sydell Sandler C/F Kristen Reiss ("SSKR"), Gary Sandler & Rochelle Sandler, JTTEN ("GS&RS"), Rochelle Sandler, IRA ("RSI"), Gary Sandler, IRA ("GSI"), Gary Sandler Paternal Trust ("GSPT"), Gary Sandler Maternal Trust ("GSMT"),Gary Sandler C/F Dana Sandler ("GSDS") and Gary Sandler C/F Amy Sandler ("GSAS"), hereinafter collectively referred to as "Claimants" or the "Sandler Family": Darren C. Blum, Esq., Blum & Silver, LLP, Coral Springs, Florida.

For Janney Montgomery Scott, LLC, hereinafter referred to as "Respondent": Paula D. Shaffner, Esq. and John Bisordi, Esq., Saul Ewing, LLP, Philadelphia, Pennsylvania.

## CASE INFORMATION

Statement of Claim filed on or about: March 11, 2004.
Claimants SS, SSSR, SSJR, SSKR and QS signed the Uniform Submission Agreements: February 15, 2004.
Claimants GR, GSRMT, GSRPT and GRRLT signed the Uniform Submission Agreements: February 16, 2004.
Claimants SZ, SCMT, SCPT and AZ signed the Uniform Submission Agreements: February 18, 2004.
Claimants GS & RS, RSI, GSI, GSPT, GSMT, GSDS, GSAS, GS and RS signed the Uniform Submission Agreements: February 23, 2004.
Claimants SJC 1995, SJC 86-1 and SC signed the Uniform Submission Agreements: March 3, 2004.
Claimants SC 86-1 and SJC signed the Uniform Submission Agreements: March 7, 2004.
Statement of Answer filed by Respondent on or about: June 7, 2004.
Respondent signed the Uniform Submission Agreement: June 14, 2004.
Motion for Monetary Sanctions Against Claimants and Their Counsel filed by Respondent on or about: December 6, 2005.
Motion for Sanctions Against Respondent and its Counsel filed by Claimants on or about December 7, 2005.

## CASE SUMMARY

Claimants asserted the following causes of action: respondeat superior and vicarious liability; violation of industry rules, including but not limited to NYSE's "Know your customer" standard (Rule 405) and NASD's customer suitability standard (Rule 2310); breach of fiduciary duty; and, common law fraud. The causes of action relate to Claimants' investments in various common stock and bonds, including but not limited to, the following: Cree Inc., SI Corp., FirstPlus; Presstek; Genus Inc; Zoltech; Terayon Communication; WorldCom; 3Com; Priceline.com; High Yield Plus Fund; and, Putnam Managed High Yield Trust.

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 3

---

Unless specifically admitted in its Answer, Respondent denied the allegations in the Statement of Claim and asserted various defenses.

## RELIEF REQUESTED

Claimants requested an unspecified amount of compensatory damages, plus interest at the legal rate from the date of purchase or reasonable market return, rescission, punitive damages, costs and for such other relief as is just and proper.

Respondent requested that the Statement of Claim be dismissed in its entirety and that costs of this proceeding, including attorneys' fees, be assessed against Claimants. Additionally, as asserted in its Motion for Sanctions, Respondent requested that the Panel award monetary sanctions in the form of reasonable attorneys' fees and punitive damages in an amount the Panel decides is appropriate for Claimants and their counsel's alleged misconduct.

## OTHER ISSUES CONSIDERED AND DECIDED

On or about November 15, 2005, Claimants filed with NASD a notice dismissing, with prejudice, the claims relating to the following accounts:

7264-1389 Sydell Sandler; 7263-9262 Quentin Sandler; 7264-1387 Sydell Sandler and Quentin Sandler JTTEN; 7264-1362 Sydell Sandler and Gail Reiss Jt Ten; 7263-9306 Quentin H. Sandler 1995-2 Fam Irrev Tr ; 7263-9439 Rochelle Sandler IRA; 7263-4762 Gary Sandler IRA; 7264-1150 Steven Sandler Roth IRA; 7264-1237 Steven Sandler; 7263-9528 Rochelle Sandler C/F Steven Sandler; 7263-4767 Gary Sandler C/F Steven Sandler; 7263- 9483 Rochelle Sandler C/F Amy Sandler; 7263-9394 Rochelle Sandler C/F Matthew Sandler; 6921-4431 Gail Reiss; 6921-4469 Gail Reiss C/F Jamie Reiss; 6921-4450 Gail Reiss C/F Shawn Reiss; 6921-4459 Gail Reiss C/F Kristen Reiss; 7878-0049 Stacey Coltune 86-1 Irrev Tru; 2306-2262 Scott J. Coltune 86-1 Irrev Tr; 8953-1851 Sherry Zimand; and, 8953-1623 Arthur Zimand.

Respondent filed a Motion for Sanctions in which it asserted that Claimants' counsel intentionally and deliberately took steps to interfere with a pending motion and influence the outcome of the motion. The Panel denied Respondent's Motion for Sanctions.

Claimants filed a Motion for Sanctions in which it asserted that Respondent was in violation of the Panel's order of December 10, 2004, which directed Respondent to produce various documents. The Panel denied Claimant's Motion for Sanctions.

At the closing of the evidentiary hearing on December 9, 2005, the parties jointly requested a postponement of the evidentiary hearings scheduled for January 9-13, 2006. The Panel granted the parties' request.

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 4

Claimant Sydell Sandler did not appear for the final week of the evidentiary hearings because she was hospitalized and allegedly incoherent with a guarded prognosis. Pursuant to this, the Respondent requested a postponement, which was denied by the Panel.

The parties have agreed that the Award in this matter may be executed in counterpart copies.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, the Panel has decided in full and final resolution of the issues submitted for determination as follows:

Respondent is found liable for failure to supervise, inappropriate concentration of investments, breach of contract and breach of fiduciary duty and shall pay to Claimants (the "Sandler Family") compensatory damages in the amount of $3,267,000.00, plus interest at the rate of 5% per annum from May 12, 2006 until the date of payment of the award.

Respondent is found liable and shall reimburse Claimants the claim filing fee previously paid by Claimants to NASD Dispute Resolution in the amount of $250.00.

Any and all claims for relief not specifically addressed herein, including the parties' requests for punitive damages and Respondent's request for attorneys' fees, are denied.

## FEES

Pursuant to the Code, the following fees are assessed:

### Filing Fees
NASD Dispute Resolution will retain or collect the non-refundable filing fees for each claim:

Initial claim filing fee                                    = $   250.00

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firms that employed the associated person at the time of the events giving rise to the dispute. In this matter, the member firm Janney Montgomery Scott, LLC is a party.

Member surcharge                                           = $1,500.00
Pre-hearing process fee                                    = $   750.00
Hearing process fee                                        = $2,200.00

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 5

## Adjournment Fees
Adjournments granted during these proceedings for which fees were assessed:

| | |
|---|---|
| December 5-6, 2005, adjournment requested by Respondent | =$1,000.00 |
| January 9-13, 2006, joint adjournment request | =$1,000.00 |

The Panel assessed $500.00 of the adjournment fees jointly and severally to Claimants.
The Panel assessed $500.00 of the adjournment fees to Respondent.
The Panel waived $1,000.00 of the adjournment fees.

## Three-Day Cancellation Fees
Fees apply when a hearing on the merits is postponed or settled within three business days before the start of a scheduled hearing session:

December 5 – 6, 2005 postponement requested on December 2, 2005     =$    200.00

The Panel assessed $100.00 of the three-day cancellation fees jointly and severally to Claimants.
The Panel assessed $100.00 of the three-day cancellation fees to Respondent.

## Injunctive Relief Fees
Injunctive relief fees are assessed to each member or associated person who files for a temporary injunction in court.  Parties in these cases are also assessed arbitrator travel expenses and costs when an arbitrator is required to travel outside his or her hearing location and additional arbitrator honoraria for the hearing for permanent injunction. These fees, except the injunctive relief surcharge, are assessed equally against each party unless otherwise directed by the Panel.

No injunctive relief fees were incurred in this matter.

## Forum Fees and Assessments
The Panel has assessed forum fees for each session conducted or each decision rendered on a discovery-related motion on the papers.  A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s), that lasts four (4) hours or less.  Fees associated with these proceedings are:

One (1) Decision on a discovery-related motion on the papers
with a single arbitrator @ $200.00                                          = $    200.00

One (1) Pre-hearing session with a single arbitrator @ $450.00/session     = $    450.00
Pre-hearing conference:     June 2, 2005                    1 session

One (1) Pre-hearing session with the Panel @ $1,000.00/session     = $  1,000.00
Pre-hearing conference:     November 22, 2004        1 session

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 6

| Eighteen (18) Hearing sessions @ $1,000.00/session | | | =$ 18,000.00 |
|---|---|---|---|
| Hearing Dates: | December 7, 2005 | 2 sessions | |
| | December 8, 2005 | 2 sessions | |
| | December 9, 2005 | 2 sessions | |
| | May 1, 2006 | 2 sessions | |
| | May 2, 2006 | 2 sessions | |
| | May 8, 2006 | 2 sessions | |
| | May 9, 2006 | 2 sessions | |
| | May 10, 2006 | 2 sessions | |
| | May 11, 2006 | 2 sessions | |
| Total Forum Fees | | | =$ 19,650.00 |

The Panel has assessed the total forum fees amount of $19,650.00 to Respondent.

## Administrative Costs

Administrative costs are expenses incurred due to a request by a party for special services beyond the normal administrative services. These include, but are not limited to: additional copies of arbitrator awards; copies of audio transcripts; retrieval of documents from archives; interpreters; and, security.

No administrative costs were incurred in this matter.

## Fee Summary

Claimants are jointly and severally liable for:

| | |
|---|---|
| Initial Filing Fee | = $   250.00 |
| Adjournment Fee | = $   500.00 |
| Three-day Cancellation Fee | = $   100.00 |
| Total Fees | = $   850.00 |
| Less payments | = $   850.00 |
| Balance Due NASD Dispute Resolution | = $     0.00 |

Respondent Janney Montgomery Scott, LLC is solely liable for:

| | |
|---|---|
| Member Fees | = $  4,450.00 |
| Adjournment Fee | = $    500.00 |
| Three-day Cancellation Fee | = $    100.00 |
| Forum Fees | = $ 19,650.00 |
| Total Fees | = $ 24,700.00 |
| Less payments | = $  4,450.00 |
| Balance Due NASD Dispute Resolution | = $ 20,250.00 |

All balances are payable to NASD Dispute Resolution and are due upon receipt pursuant to Rule 10330(g) of the Code.

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex.            -     Public Arbitrator, Presiding Chairperson
William Wolfe             -     Public Arbitrator
Bernard Hornick          -     Non-Public Arbitrator

## Concurring Arbitrators' Signatures

_____/s/_____                    05/15/06_____
Robert J. Saex                                      Signature Date
Public Arbitrator, Presiding Chairperson

_____/s/_____                    05/15/06_____
William Wolfe                                     Signature Date
Public Arbitrator

_____/s/_____                    05/15/06_____
Bernard Hornick                                 Signature Date
Non-Public Arbitrator

_____05/15/06_____
Date of Service  (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex.
William Wolfe
Bernard Hornick

- — *Public Arbitrator, Presiding Chairperson*
- — *Public Arbitrator*
- — *Non-Public Arbitrator*

### Concurring Arbitrators' Signatures

_Robert J. Saex_ (signature)

Robert J. Saex
Public Arbitrator, Presiding Chairperson

5/15/06
Signature Date

_____
William Wolfe
Public Arbitrator

_____
Signature Date

_____
Bernard Hornick
Non-Public Arbitrator

_____
Signature Date

_____
Date of Service  (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex.              -    *Public Arbitrator, Presiding Chairperson*
William Wolfe               -    *Public Arbitrator*
Bernard Hornick             -    *Non-Public Arbitrator*

## Concurring Arbitrators' Signatures

_____
Robert J. Saex
Public Arbitrator, Presiding Chairperson                    _____
                                                            Signature Date

_____
William Wolfe                                               _____  5-15-06
Public Arbitrator                                           Signature Date

_____
Bernard Hornick                                            _____
Non-Public Arbitrator                                      Signature Date

_____
Date of Service  (For NASD Dispute Resolution office use only)

NASD Dispute Resolution
Arbitration No. 04-01758
Award Page 7

## ARBITRATION PANEL

Robert J. Saex.                    -    *Public Arbitrator, Presiding Chairperson*
William Wolfe                      -    *Public Arbitrator*
Bernard Hornick                    -    *Non-Public Arbitrator*

## Concurring Arbitrators' Signatures

_____                    _____
Robert J. Saex                               Signature Date
Public Arbitrator, Presiding Chairperson


_____                    _____
William Wolfe                                Signature Date
Public Arbitrator

_____                    5/15/06
Bernard Hornick                              Signature Date
Non-Public Arbitrator


_____
Date of Service  (For NASD Dispute Resolution office use only)

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN AND
FOR MIAMI-DADE COUNTY, FLORIDA

CASE NO.:  06-9895 CA22

SYDELL SANDLER,
SHERRY ZIMAND,
SCOTT J. COLTUNE,
STACEY COLTUNE,
QUENTIN SANDLER,
GAIL REISS,
ARTHUR ZIMAND,
GARY SANDLER,
ROCHELLE SANDLER,
SHERRY COLTUNE MATERNAL TRUST,
SHERRY COLTUNE PATERNAL TRUST,
SCOTT COLTUNE 86-1 IRREV TRUST,
STACEY J. COLTUNE 1995-1 IRREV TRUST,
STACEY COLTUNE 86-1 IRREV TRUST,
GAIL SANDLER REISS MAT TRUST,
GAIL SANDLER REISS PAT TRUST,
GAIL REISS REV LIVING TRUST,
SYDELL SANDLER C/F SHAWN REISS,
SYDELL SANDLER C/F JAMIE REISS,
SYDELL SANDLER C/F KRISTEN REISS,
GARY SANDLER AND ROCHELLE SANDLER JT-TEN,
ROCHELLE SANDLER IRA,
GARY SANDLER IRA,
GARY SANDLER PATERNAL TRUST,
GARY SANDLER MATERNAL TRUST,
GARY SANDLER C/F DANA SANDLER,
GARY SANDLER C/F AMY SANDLER,

  Petitioners,

vs.

JANNEY MONTGOMERY SCOTT LLC,

  Respondent.

_____/

## **NOTICE OF FILING REMOVAL TO FEDERAL COURT**

PLEASE TAKE NOTICE that Respondent JANNEY MONTGOMERY SCOTT, LLC, has filed in the United States District Court for the Southern District of Florida, Miami Division, a Notice of Removal in the above-captioned action, a copy of which is attached, without exhibits, as Exhibit "A."

Respectfully submitted,

Charles M. Rosenberg  (FBN: 379064)
CARLTON FIELDS, P.A.
Bank of America Tower at International Place
100 S.E. Second Street, Suite 4000
Miami, Florida 33131
Telephone:   (305) 350-0050
Facsimile:   (305) 350-0055
crosenberg@carltonfields.com
*Attorney for Respondent, Janney Montgomery Scott, LLC*

Sam J. Salario, Jr.  (FBN: 083460)
Kenya J. Reddy  (FBN 459933)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, FL  33607
Tel.  (813) 223-7000
Fax.  (813) 229-4133
ssalario@carltonfields.com
kreddy@carltonfields.com
*Of Counsel*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by

facsimile and U.S. Mail to Darren C. Blum, BLUM & SILVER, LLP, 12540 West Atlantic

Blvd., Coral Springs, Florida 33071 on this 12th day of June, 2006.

Charles M. Rosenburg



**EXHIBIT "A"**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

SYDELL SANDLER,
SHERRY ZIMAND,
SCOTT J. COLTUNE,
STACEY COLTUNE,
QUENTIN SANDLER,                                    CASE NO.
GAIL REISS,
ARTHUR ZIMAND,
GARY SANDLER,
ROCHELLE SANDLER,
SHERRY COLTUNE MATERNAL TRUST,
SHERRY COLTUNE PATERNAL TRUST,
SCOTT COLTUNE 86-1 IRREV TRUST,
STACEY J. COLTUNE 1995-1 IRREV TRUST,
STACEY COLTUNE 86-1 IRREV TRUST,
GAIL SANDLER REISS MAT TRUST,
GAIL SANDLER REISS PAT TRUST,
GAIL REISS REV LIVING TRUST,
SYDELL SANDLER C/F SHAWN REISS,
SYDELL SANDLER C/F JAMIE REISS,
SYDELL SANDLER C/F KRISTEN REISS,
GARY SANDLER AND ROCHELLE SANDLER JT-TEN,
ROCHELLE SANDLER IRA,
GARY SANDLER IRA,
GARY SANDLER PATERNAL TRUST,
GARY SANDLER MATERNAL TRUST,
GARY SANDLER C/F DANA SANDLER,
GARY SANDLER C/F AMY SANDLER,

       Petitioners,

vs.

JANNEY MONTGOMERY SCOTT LLC,

       Respondent.

_____/

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441(a), Respondent JANNEY MONTGOMERY SCOTT LLC ("Janney" or "Respondent") gives notice of removal of an action filed in the Circuit Court in and for Miami-Dade County, Florida:

1.      This action was commenced in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida on May 17, 2006 and was served upon Janney on May 24, 2006.  A copy of the Petition to Confirm Arbitration Award, as well as a copy of the summons and service of process are attached as Exhibit "A".  The documents attached as Exhibit "A" comprise all the process, pleadings and orders served upon Janney in this action.

2.      This Court had, at the time the suit was filed, and now has, original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, because there is complete diversity of citizenship between Petitioners and Respondent, and the amount in controversy in this civil action, exclusive of interest and costs, exceeds the sum of $75,000, as established below.  Accordingly, this Court has diversity jurisdiction over this action.  By this Notice of Removal, filed within thirty days of Janney's receipt of a copy of this action, through service or otherwise, Janney invokes the Court's diversity jurisdiction and removes the action to this Court.

## BACKGROUND

3.      On March 11, 2004, Petitioners commenced an arbitration proceeding against Janney in an action entitled *Quentin and Sydell Sandler et al. v. Janney Montgomery Scott LLC*, NASD Dispute Resolution Case Number 04-01758.  A copy of the Statement of Claim is attached as Exhibit "B."

4.      Petitioners were the owners of various investment accounts opened with Janney.  They alleged that all of their accounts were handled improperly by Lionel Moses Bourassa, a Financial Consultant with Janney.  They claimed that they suffered damages as a result of the mishandling of their accounts.

5.      On May 16, 2006, the NASD arbitration panel in the matter entered an Arbitration Award ("the Award"). The Award is attached as Exhibit "C." In the Award, the panel awarded Petitioners the sum of $3,267,000 in compensatory damages, in addition to interest at the rate of 5% per annum from May 12, 2006 through the date of payment of the Award in full.

6.      Petitioners filed the instant action in circuit court in Miami-Dade County, seeking to have the Award confirmed.

7.      Pursuant to the Award, Janney has until June 19, 2006 to either pay the Award or file a motion to vacate with a court of competent jurisdiction.

## DIVERSITY OF CITIZENSHIP

8.      This controversy is between citizens of different States, within the meaning of 28 U.S.C. § 1332.

9.      At the time this action was filed and at the time of filing this notice, Janney was and is a limited liability company organized under the laws of Delaware. The only member of the limited liability company is Independence Square Properties LLC, a Delaware limited liability company with its principal place of business in Horsham, Pennsylvania. Accordingly, Janney is a citizen of the states of Delaware and Pennsylvania. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (for purposes of diversity jurisdiction, "a limited liability company is a citizen of any state of which a member of the company is a citizen."); *Shamrock Holdings of Calif., Inc. v. Arenson*, 2005 WL 400198 *4 (D. Del. Jan. 27, 2005) (same).

10.     According to Petitioners' Statement of Claim, each of the petitioners is a resident of the State of Florida. None of the petitioners is a resident of the states of Delaware or Pennsylvania.

.

3

11.     Accordingly, there is complete diversity of citizenship between Petitioners and Janney.

## AMOUNT IN CONTROVERSY

12.     The amount of the Award Petitioners seek to confirm is $3,267,000, which, on its face, satisfies the minimum amount in controversy.

13.     Moreover, although Petitioners' Statement of Claim did not specify the amount of damages sought by Petitioners, they alleged that the value of their combined portfolios exceeded $10 million in early 2000, and as a result of Bourassa's mismanagement, the total value of the portfolios was less than 25% of that amount at the time they filed their Statement of Claim.

14.     The jurisdictional amount in controversy is satisfied in this case because it exceeds $75,000, exclusive of interest and costs. *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466 (11th Cir. 1997) (minimum amount in controversy is determined by the amount of the arbitration award); *Reichle v. Morgan Stanley DW, Inc.*, 396 F. Supp.2d 1312, 1313 (M.D. Fla. 2005) ("The Eleventh Circuit . . . looks directly to the amount of the challenged award.").

15.     A reasonable reading of the Statement of Claim therefore establishes that the amount in controversy exceeds $75,000. *Estevez-Gonzales v. Kraft, Inc.*, 606 F. Supp. 127, 129 (S.D. Fla. 1985) (the jurisdictional threshold is met, even when no specification of damages is set forth in the Complaint, where "a reasonable reading of the Plaintiffs' Complaint" discloses that the amount in controversy does, in fact, exceed the jurisdictional threshold.).

## REMOVAL PROCEDURES

16.     This Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446(b).  Janney was served with the Petition to Confirm Arbitration Award on May 24, 2006. Pursuant to Federal Rule of Civil Procedure 81(c), Janney's response to the Petition is due to be filed with this Court on June 19, 2006.

4

17.   A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit of the State of Florida in and for Miami-Dade County, as provided by law.  Written notice of removal is being given to Petitioners.

18.   Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers or exhibits of every kind served upon the defendants or on file in the state court in this case are attached hereto as Exhibit "D."

WHEREFORE, Respondent respectfully requests that the above action now pending against it in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County be removed to this Court.  Respondent requests that this Court accept jurisdiction of this action, that this action be placed upon the docket of this Court for further proceedings, the same as though this action originally had been instituted in this Court, and that this Court make such other and further orders as are just and equitable.

Charles M. Rosenberg (FBN: 279064)
CARLTON FIELDS, P.A.
Bank of America Tower at International Place
100 S.E. Second Street, Suite 4000
Miami, Florida 33131
Telephone:     (305) 350-0050
Facsimile:     (305) 350-0055
crosenberg@carltonfields.com
*Attorney for Respondent, Janney Montgomery Scott, LLC*

Sam J. Salario, Jr.  (FBN: 083460)
Kenya J. Reddy  (FBN 459933)
CARLTON FIELDS, P.A.
Corporate Center Three at International Plaza
4221 W. Boy Scout Boulevard, Suite 1000
Tampa, FL  33607
Tel.  (813) 223-7000
Fax.  (813) 229-4133
ssalario@carltonfields.com
kreddy@carltonfields.com
*Of Counsel*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished by facsimile and U.S. Mail to Darren C. Blum, BLUM & SILVER, LLP, 12540 West Atlantic Blvd., Coral Springs, Florida 33071 on this 12th day of June, 2006.

_____
Charles M. Rosenberg

06-21502-CV-HUCK/SIMONTON

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

FILED by ___ D.C.
ELECTRONIC

**JUNE 12, 2006**

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| SYDELL SANDLER, ET AL. | JANNEY MONTGOMERY SCOTT LLC |

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)
Broward County

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   N/A
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

*Dade / 06-21502-cv-Huck/Simonton*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS AND TELEPHONE NUMBER)
Charles M. Rosenberg, Esquire
CARLTON FIELDS, P.A.
Bank of America Tower at International Place
100 Southeast Second Street - Suite 4000
Miami, Florida 33131
(305) 530-0050

ATTORNEYS (IF KNOWN)
Darren C. Blum, Esquire
Blum & Silver, LLP
12540 West Atlantic Blvd.
Coral Springs, Florida 33071
(954) 255-8181

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1. US Government Plaintiff
☐ 2. US Government Defendant
☐ 3. Federal Question (US Government Not a Party)
☒ 4. Diversity (Indicate Citizenship of Parties)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)
(PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Judge from Magistrate Judgment

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | A FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | A PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyright | ☐ 450 Commerce/ICC Rates/etc. B |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | PERSONAL PROPERTY | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | B SOCIAL SECURITY | ☐ 850 Securities/Commodities/Exchange |
| ☒ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | A LABOR | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12USC3410 |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | A CIVIL RIGHTS | PRISONER PETITIONS | ☐ 720 Labor Management Relations B | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| A REAL PROPERTY | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 730 Labor Management Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 442 Employment | ☐ 530 General* | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 444 Welfare | ☐ 540 Mandamus & Other* | ☐ 791 Employee Ret. Inc. Security Act B | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights *A or B | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | | | | | ☐ 890 Other Statutory Actions* * A or B |
| ☐ 290 All Other Real Property | | | | | |

## VI. CAUSE OF ACTION
(CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
**Diversity of Citizenship pursuant to 28 U.S.C. §1332**

LENGTH OF TRIAL
**IVa.** _____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY
(See Instructions):
JUDGE: ___ N/A
DOCKET NUMBER: _____

DATE
June 12, 2006

SIGNATURE OF ATTORNEY OF RECORD
Charles M. Rosenberg, Esquire

FOR OFFICE USE ONLY

RECEIPT # ___ 941877   AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____